# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| **TIMOTHY J. HARDY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO.:** |
| ) | |
| **CHESAPEAKE HOSPITAL AUTHORITY** ) | |
| ) | |
| **t/a CHESAPEAKE REGIONAL MEDICAL** ) | |
| **CENTER** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Timothy J. Hardy ("Hardy" or "Plaintiff"), by counsel, and states the following causes of action against the Defendant, Chesapeake Hospital Authority t/a Chesapeake Regional Medical Center ("Hospital" or "Defendant"):

### I.     THE PARTIES

1. Plaintiff Hardy is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Virginia Beach, Virginia.

2. Defendant Hospital is a public body created and existing under the laws of the Commonwealth of Virginia.

### II.     JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331.

4. Venue properly lies in this Court because the controversy involves decisions and actions that occurred in the Eastern District of Virginia.

## IV.  STATEMENT OF FACTS

5. Hardy is a licensed OB/GYN.

6. On August 5, 2021, Hardy received a Notice of Precautionary Suspension from Defendant.  As a result, Defendant suspended Hardy's medical staff privileges.

7. This notice seemingly arose from Hardy's repeated questioning of the Hospitals management wherein he suggested the Hospital was making decisions based, not on a patient's care and well-being, but rather economics.

8. On August 11, 2021, Defendant's Medical Executive Committee ("MEC") issued Hardy a "Notice of Continued Precautionary Suspension."

9. Shortly thereafter on August 17, 2021, Defendant sent Hardy notice of the continued suspension and advised him of his right to request hearing before an Ad Hoc Committee and provided him with a summary of his hearing rights under Defendant's Medical Staff Bylaws.

10. Hardy timely requested the Ad Hock Committee hearing and the hearing was scheduled for, and occurred on October 22, 2021.

11. Defendant assembled a panel for the Ad Hoc Committee hearing that breached its own Bylaws prescriptions of, among other things, presenting a fair panel.

12. The panel consisted of two Hospital employees and a Hospital contracted agent, that were inherently biased based on their employment and financial relationship with Defendant.

13. Upon information and belief the panel was inconsistent with Defendant's prior panels under similar circumstances – namely, the panel did not include a member practicing in Hardy's discipline, OB/GYN.

14. Defendant also rejected Hardy's recommendation of a panel member.

15.     The panel's unfair make-up and ultimate decision making was Defendant's retaliation against Hardy based on his prior criticisms referenced above.

16.     The Ad Hoc Committee concluded the MEC did not act arbitrarily, unreasonably, or capriciously when it issue and continued the precautionary suspension of Hardy's medical staff privileges.

17.     Hardy timely sough appellate review in accordance with the Hospital's Bylaws.

18.     On January 12, 2022, Defendant's Governing Board upheld the Ad Hoc Committee's decision.

19.     As a result of Defendant's improper actions, Hardy has suffered economic damages and has lost his ability to maintain privileges in neighboring hospitals.

## COUNT I
Denial of Property Interests Without Due Process of Law In Violation of the Fifth and Fourteenth Amendments and 42 U.S.C. 1983

20.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as thought fully set forth herein.

21.     At all times relevant, Hardy had a fundamental right in and a protected property interest in his medical license and its concomitant privileges (such as those suspended by Defendant) of seeking employment consistent with that license, within the meaning of the Fifth Amendment to the United States Constitution as applied to the states through the due process clause of the Fourteenth Amendment.

22.     In addition to suspending and wrongfully upholding Hardy's hospital privileges, Defendant has, as recently as October 2023, interfered with Hardy's ability to obtain hospital privileges at neighboring hospital facilities.

23. Defendant impaired and/or deprived Hardy's constitutionally protected property interests and his freedom to seek employment consistent with his license; Defendant did so without due process of law, in violation of the Fifth Amendment as applied to the states through the due process clause of the Fourteenth Amendment.

24. Specifically, Defendant denied to Hardy procedural due process of law because it acted without giving Hardy a proper, fair and just opportunity to challenge Defendant's conduct through proper procedural and administrative mechanisms.

25. Defendant's conduct was extreme and outrageous and so arbitrary that it shocks the conscience.

26. Defendant has accordingly violated 42 U.S.C. Section 1983 by denying Hardy, while acting under color of law, rights secured to him by the Constitution of the United States.

27. As a direct and proximate result of Defendant's deprivation of Hardy's property rights, Hardy has suffered the loss of income in that he lost employment opportunities with health care providers by whom she otherwise would have been economically affiliated, absent Defendant's actions, has sustained damage to his reputation, has experienced emotional distress, has incurred expenses as a result of having to find alternative forms of employment and /or income and has incurred attorney's fees while attempting to vindicate his rights.

28. Defendant's conduct evidenced a conscious disregard of Hardy's rights, so as to subject them to punitive damages.

## JURY DEMAND

Plaintiff demands a jury trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Timothy Hardy prays for entry of judgment in favor of Plaintiff and against Defendant, Chesapeake Hospital Authority t/a Chesapeake Regional Medical Center, in the form of the following relief:

    a.    All equitable and legal relief available, including but not limited to nominal damages, actual damages, compensatory damages, consequential damages, punitive damages, pre-judgment interest, and injunctive relief in the form of reinstatement of Plaintiff's employment;

    c.    Attorney's fees and court costs associated with this suit; and

    g.    All other relief as may be appropriate to effectuate the purpose of justice.

Date: January 12, 2024        Respectfully submitted,

        TIMOTHY HARDY

        _____/s/_____
        Todd M. Gaynor, Esquire
        Virginia Bar No.: 47742
        GAYNOR LAW CENTER, P.C.
        440 Monticello Avenue, Suite 1800
        Norfolk, Virginia 23510
        PH: (757) 828-3739
        FX: (75) 257-3674
        EM: tgaynor@gaynorlawcenter.com

        *Counsel for Plaintiff*