IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **TIMOTHY J. HARDY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO.: 2:24-cv-00029 |
| ) | |
| **CHESAPEAKE HOSPITAL AUTHORITY** ) | |
| ) | |
| **t/a CHESAPEAKE REGIONAL MEDICAL** ) | |
| **CENTER** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S MEMORANDDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Timothy J. Hardy ("Plaintiff" or "Hardy"), by counsel, and as for his Memorandum in Opposition to the Defendant, Chesapeake Hospital Authority t/a Chesapeake Regional Medical Center, ("Defendant" or "CRMC") Motion to Dismiss states as follows:

**I.     STANDARD OF REVIEW**

A party seeking dismissal under Fed. R. Civ. P. 12(b)(6) must show that, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing al reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  All complaints must meet the "simplified pleading standard" of Rule 8(a)(2), which requires only a "short plaint statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

The Supreme Court's decisions in *Bell Atlantic Com. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Igbal*, 129 S. Ct. 1937 (2009), have clarified how the sufficiency of a complaint is to be evaluated under Rule 8. Under these cases, there are two essential requirements for a pleading: that its allegations be sufficient and that its allegations be plausible. In evaluating the sufficiency of a complaint under *Twombly* and *Igbal*, a district court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Igbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009). In other words, "[t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Second, the court must decide whether the remaining allegations in the complaint-taken as true-state a "plausible claim for relief " *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether the facts "permit the court to infer more than the mere possibility of misconduct." *Id*. at 1950 (citing *Igbal v. Hasty*, 490 F.3d 143, 157 (2nd Cir. 2007) Essentially, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

Finally, if "the motion to dismiss involves 'a civil rights complaint, [a court] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011); accord *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (same); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (same). That context is highly salient in this

case. As discussed below, Hardy has alleged more than sufficient facts in more than sufficient detail to establish the plausibility of his claims, and Defendant's Motion to Dismiss should therefore be denied.

## II. LAW AND ARGUMENT

A. Eleventh Amendment

The Eleventh Amendment prohibits "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In Ex Parte Young, the Supreme Court devised an exception to Eleventh Amendment immunity for suits brought against state officials. *Ex. Parte Young*, 209 U.S. 123, 160 (1908). State officers or agents acting in violation of the Constitution are "stripped of [their] person to the consequences of [their] individual conduct." *Id*.

There are three main exceptions to the sovereign immunity of a state, two of which are applicable in this matter. First, the Eleventh Amendment does not stop a federal court from issuing an injunction against a defendant who is violating federal law. Although the state agency may be abiding by state law, the defendant is not permitted to violate federal law, and a federal court can order the defendant to stop the action with an injunction. *Id*.

The Eleventh Amendment does not automatically protect political subdivisions of the state from liability. *Moor v. County of Alameda*, 411 U.S. 693 (1973). The main factor is whether the damages would come out of the state treasury. *Hess v. Port Authority Trans-Hudson Corp.*, 115 S. Ct. 394 (1994). If the state would have to pay for damages from the state treasury, then the Eleventh Amendment will serve as a shield from liability. The converse is true; if the state agency has to pay for damages from its own reserves, the Eleventh Amendment does not shield that defendant from liability. Eleventh Amendment immunity does not protect municipal

corporations or other governmental entities that are not political subdivisions of the state, such as cities, counties, or hospitals. Here, the Defendant is not the state.

State agencies can be held liable for constitutional harm that can be shown to result from official policy or custom. A plaintiff can attribute a single unconstitutional decision or act of a final policymaker to the entity. *See, City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Gschwind v. Heiden*, 692 F.3d 844, 847 (7th Cir. 2012) ("In Illinois the school board is the ultimate policymaking body with regard to personnel decisions."). Here, Plaintiff has specifically alleged Defendant's unfair application of its own policies (based on a retaliatory motive) are the cause of Plaintiff's damages: "Defendant assembled a panel for the Ad Hoc Committee hearing that breached its own Bylaws prescriptions of among other things, presenting a fair panel." Complaint ¶ 11.

As stated, in *Ex Parte Young*, the Supreme court devised an exception to Eleventh Amendment immunity for suits brought against state defendants. *Ex Parte Young*, 209 U.S. 123, 160 (1908). State defendants acting in violation of the Constitution are "stripped of [their] official or representative character and [are] subjected in [their] person to the consequences of [their] individual conduct." *Id*. Thus, this exception to the Eleventh Amendment "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Antrican v. Odom*, 290 F.3d 178, 184. To satisfy this exception, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n,* 535 U.S. 635, 645 (2002).

"The requirement that the violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the treat is not yet imminent." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010).  Here, Plaintiff specifically alleges that his damages are ongoing:  "As a result of Defendant's improper actions, Hardy has suffered economic damages and has lost his ability to maintain privileges in neighboring hospitals." Compl. ¶ 19.  Effectively, Defendant's improper actions have tattooed Hardy with a scarlet letter of not only shame but also a professional impediment to obtaining and/or maintaining privileges in other hospitals.  Accordingly, Hardy properly alleges an ongoing or continuing violation of federal law.  Moreover, Hardy's requested injunctive relief is the quintessential example of prospective injunctive relief not barred by Eleventh Amendment immunity.  *See Ex Parte Young*, 209 U.S. at 159-60.

Accordingly, Plaintiff respectfully requests that the Defendant's motion to dismiss be denied and overruled.

    B.  <u>Statute of Limitations</u>

Because § 1983 does not contain a limitation period, an appropriate limitation period must be borrowed from the analogous Virginia law cause of action. *See Keller v. Prince George's County*, 827 F.2d 952, 955 n.2 (4th Cir. 1987). The Supreme Court has determined that the state statute governing personal injury shall apply to § 1983 actions. *See Wilson v. Garcia,* 471 U.S. 261, 280, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985). Virginia has a two-year statute for personal injuries. *See* Va. Code Ann. § 8.01-243(A).  While the statutory limitations period for a § 1983 action is borrowed from state law, the time the action accrues is determined under federal law. S*ee National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991). Under federal law, an action accrues when the plaintiff knows or has reason to know of the injury

giving rise to the action. *Id.* Plaintiff filed his complaint on January 12, 2024 – within the two year limitation period stemming from the final denial of his appeal, January 12, 2022. (ECF No. 1). Moreover, Plaintiff has alleges that his damages are ongoing as a result of Defendant's improper actions. See, Compl. ¶ 19. Plaintiff has filed within the limitations period. Accordingly, Plaintiff respectfully requests that the Defendant's motion to dismiss be denied and overruled.

    C. <u>Due Process</u>

The Complaint states a valid claim against Defendant for violations of Plaintiff's Due Process rights. The Defendant argues that because Plaintiff received notice of the charges, an explanation of the evidence against the Plaintiff, and an opportunity to be heard, Plaintiff is unable to assert a procedural due process claim. Defendant's argument is based on an overly narrow reading of Due Process jurisprudence. Plaintiff must be afforded a *fair and unbiased* tribunal as well as a "meaningful" opportunity to be heard. The question is not whether the Plaintiff has had notice and an opportunity to be heard; he did. This, however, is only the start of the analysis. Instead, the question is whether Hardy's opportunity to be heard was meaningful, or "fair." *Vitek v. Jones*, 445 U.S. 480, 500, 100 S. Ct. 1254 (1980) (Powell, J., Concurring in part) ("The essence of procedural due process is a fair hearing.").

The Complaint alleges Defendant provided a biased investigatory and hearing process: "Defendant assembled a panel for the *Ad Hoc* Committee hearing that breached its own Bylaws prescriptions of among other things, presenting a fair panel." Complaint ¶ 11. The allegations of bias in the Complaint are sufficiently detailed to survive a motion to dismiss under the pleading standards articulated in *Bell Atlantic* and *Iqbal*. The Complaint provides numerous examples of

the manner in which Defendant's investigatory and hearing process was unconstitutionally biased against Hardy.

The analysis of this claim begins with the observation that an impartial decision maker is a fundamental due process requirement. *See, e.g., Withrow v. Larkin*, 421 U.S. 35, 46-47, 95 S. Ct. 1456 (1975). The United States Supreme Court has long held that a fair proceeding "in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623 (1955). Bias may be actual, or it may consist of the appearance of partiality in the absence of actual bias. *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995). A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue is sufficient. *Kennedy v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992).

Hardy's Complaint supports the claim of a biased investigation, prejudged adjudicators and a biased adjudicatory process. The Complaint alleges that Defendant employed a biased investigatory process in order to eliminate a gadfly physician. Specifically, the Complaint includes the following allegations: (i) " The panel consisted of two Hospital employees and a Hospital contracted agent, that were inherently biased based on their employment and financial relationship with Defendant" (Complaint ¶ 12); (ii) "Upon information and belief the panel was inconsistent with Defendant's prior panels under similar circumstances – namely, the panel did not include a member practicing in Hardy's discipline, OB/GYN" (Complaint ¶ 13); and (iii) "Defendant also rejected Hardy's recommendation of a panel member (Complaint ¶ 14). The Complaint further alleges that Defendant's Hearing Panel, in practice, showed bias --- and was clearly assembled to retaliate against Hardy based on his prior criticisms of Defendant.

Accordingly, Plaintiff respectfully requests that the Defendant's motion to dismiss be denied and overruled.

D. <u>Immunity</u>

Defendant argues that it is entitled to qualified immunity. Qualified immunity does not prevent the Plaintiff from pursuing declaratory and injunctive relief. *Top Flight Entm't, Ltd v. Schuette*, 729 F.3d 623, 635 (6th Cir. 2013); *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001). *See also Hydrick v. Hunter*, 669 F.3d. 937, 939-40 (9th Cir. 2012) (explaining that qualified immunity "is only an immunity from a suite for money damages, and odes not provide immunity from a suit seeking declaratory or injunctive relief"). At this stage, Defendant is not entitled to dismissal.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established or constitutional rights of which a reasonable person would have known." *Stanton v. Sims,* 571 U.S. 3, 4, 134 S.Ct. 3, 4 (2013). "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). The immunity balances two important interests: "the need to hold public officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The protection applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id*.

To decide immunity, a two step analysis is employed. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The first prong of the analysis asks "whether a constitutional violation occurred." *Melgar ex rel. Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). The plaintiff bears the burden of proof on this question. *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022). The second prong asks whether the right at issue was "clearly established" at the time of the ev ents in

8

question.  *Id*.  In this case, it is clear that Plaintiff is entitled to a fair and impartial hearing in advance of the deprivation of a Constitutional right.  It is further clear that Hardy was indeed deprived of such a right when Defendant clearly deprived him of this right.  This fact is clearly established by the Defendant's argument that – all parties agree – Hardy was indeed entitled to notice, a right to defend, and a fair hearing.  The notice and right to defend are unquestioned.  The fairness – or lack thereof -- of the hearing is the genesis that brings us together in this matter.

Accordingly, Plaintiff respectfully requests that the Defendant's motion to dismiss be denied and overruled.

### III. CONCLUSION

For these reasons, the Court should deny Defendant's Motion to Dismiss or in the alternative grant leave to Plaintiff to Amend.

Date: June 17, 2024                                             Respectfully submitted,

                                                                TIMOTHY HARDY

                                                                _____/s/_____
                                                                Todd M. Gaynor, Esquire
                                                                Virginia Bar No.: 47742
                                                                GAYNOR LAW CENTER, P.C.
                                                                440 Monticello Avenue, Suite 1800
                                                                Norfolk, Virginia 23510
                                                                PH: (757) 828-3739
                                                                FX: (75) 257-3674
                                                                EM: tgaynor@gaynorlawcenter.com

                                                                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John M. Bredehoft, Esq.
Ahmed E. Mohamed Khalil, Esq.
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
PH: (757) 624-3000
FX: (888) 360-9092
EM:  jmbredehoft@kaufcan.com
         amkhalil@kaufcan.com

*Counsel for Defendant*

    /s/  Todd M. Gaynor_____

Todd M. Gaynor, Esq.